UNITED STATES FEDERAL COURT

SOUTHERN DISTRICT OF NEW YORK

\----------------------------------------------------------------------X

JUSTIN MARCEL JIMENEZ  :  **18-cv-03297**

        Plaintiff,  :

   -against-  :

                 **AFFIDAVIT IN OPPOSITION**

CHASE BANK, JOHN R FRASER, and JAMES DIMON

        Defendants.

\----------------------------------------------------------------------X

RECEIVED
SDNY PRO SE OFFICE
2018 JUL 24 PM 3:05
S.D. OF N.Y.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-24-18

## AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1. I, the plaintiff, solemnly swear that the following statements are true:

   I, Justin Marcel Jimenez, the plaintiff in this matter, submits this Affidavit as an opposition to the Defendants Chase Bank, John R Fraser, and James Dimon's motion to dismiss and their memorandum of law, both dated July 11, 2018.

2. The plaintiff would like to first mention that the letters proffered by the defendants, supposedly by the plaintiff, are not real. While the plaintiff did write letters to Mr. Gibson and Dimon, they were not in the words of the letters submitted by Mr. Gibson, the defendants' attorney. This leads the plaintiff to believe that Mr. Gibson is guilty of fraudulence and tampering with evidence. These letters were compromised and are therefore, contaminated, so they are completely inadmissible. Since the plaintiff did not submit these

1

concocted letters himself, they were submitted to the Court involuntarily, and are irrelevant, which also makes them inadmissible pursuant to *Rule 402*.

3. On page 2 of the Mr. Gibson's memorandum of law, he suggests that the plaintiff's claims are conculsory, "In response to his conclusory allegations, Mr. Jimenez requests that the Court order JPMC to 'hire diverse personnel within the firm's managerial positions.'" The plaintiff objects to the defendant's claim that his allegations are conclusory. The definition of *conclusory* according to Webster's dictionary is "consisting of or relating to a conclusion or assertion for which no supporting evidence is offered." The plaintiff's claim is far from conclusory, because he submitted 14 items of evidence to the Supreme Court when he was filing his motion for adjudication, which totalled nearly 300 pages. The plaintiff has submitted a large amount of evidence supporting his assertions that JPMC and Junius are participating in illegal, discriminating hiring practices. The evidence includes photographic references to the companies' makeup, graphical representations of ethnic compositions of the firms as compared to the the overall population, charts outlining how many hirees per nationality would be legally acceptable, and so on. For the defendants to assert that the plaintiff's claim is conclusory is perjurical, unobservant even.

4. The defendants claim that they are protected by the doctrine of res judicata because the suit is identical to a previous suit. The plaintiff objects to this fallacy, as this lawsuit is entirely different from the one he sought at a previous date. The plaintiff sued Junius Real Estate, and its two Head Officers John R Fraser and Richard Gomel, for a discriminatory act committed against him. The defendants in that case denied the plaintiff financing based on his race, disability, and religious affiliation. In this current suit, the plaintiff is suing Chase Bank, John

2

R Fraser and James Dimon under the Civil Rights Act of 1964 for their disparate hiring practices, a Title VII violation. The suits involve varying defendants, separate claims, and new statutory references, making them completely different. The defendants' claim that the doctrine of res judicata is applicable is a far stretch that does not measure up to reaching a plausible or reasonable ascertainment.

5. Beginning on page 4 of the memorandum, Mr. Gibson enumerates to unavailing ends information regarding the previous case. This information is irrelevant and does not support the defendants' position in any way that is accurate. The defendants were supposed to offer evidence of statistical or graphical explications, or even written explanations as to why they are not in violation of the statues outlined in the complaint. They, however, fail to address their lack of complicity to any extent. The defendants do not deny the allegations. This, in conjunction with their refusal to respond to interrogatories, suggest that they are indeed guilty of the crimes within the complaint beyond a reasonable doubt.

6. On page 10, Mr. Gibson states that the "[c]omplaint fails to state a cause of action upon which relief may be granted." The plaintiff objects to this statement on the basis that it is simply untrue. On page 3 of the complaint, the plaintiff enerumerates each of the causes of action. It is easily recognizable upon reading the entirety of CRA 1964 that it does indeed provide for relief to be granted to those deprived by civil rights violations.

7. Also on page 10, the defendants raise the issue of whether the plaintiff has the authority to assert claims on behalf of the public. The plaintiff reassures that as a member of the public, he may bring about such claims there insofar. The defendants also suggest that the plaintiff should have filed his complaint with EEOC. While they are correct in the fact that the EEOC

race-based and classist infractions. JPMC's Junius firm, in and of itself, is consummate proof of the firm's racially and class-based animus almalgating prejudicial hiring. Junius' head officers and the existence of the All-White firm is the source of the a conspiracy to deny minority workers employment at the upper-managerial level.

10. On page 13-14, the defendants incorrectly suggest that they are not violating the Fair Housing Act "in any way." This is untrue, as the complaint explains that the defendants are in breach of Section 804(c) through their discriminating advertising. Their illegal advertising comes in two forms: 1) Chase Bank Website (under the Board of Director and Operating Committee pages), and 2) the Junius website. Their websites, which are forms of advertising, depict images of employment inequality. Chase Bank's Board of Directors and Operating Committees, due to unfair hiring practices, do not have depictions of Asian, Hispanic, or Middle-Eastern workers. Junius, too, is lacking depictions of African American, Hispanic, Asian, and/or Middle Eastern workers, simply because they are not represented at the firm. This company, a *real estate* firm, is particularly subject to Section 804(c), and its All-White composition makes them guilty of steering, in addition to violating Title VII. The defendants are also confusing the purpose of the Son of Sam law, which further protects the public from these unlawful advertisements. The law makes it illegal for the defendants to profit off of illegal actitivities, such as unfair business practices and illegal advertising.

11. Finally, the defendants try to suggest that "individual employees... cannot be held individually liable under Title VII." This is in fact untrue. No one, in fact, is exempt from being sued. The defendants are confusing limited liability as it relates to Title VII. Under notion of limited liability, individuals are not liable to claims in actions filed against a

5

corporation, unless, of course, they are named as individuals within the suit. The plaintiff sued Dimon and Fraser as individuals, and are liable as separate entities. Overall, the defendants' claims are irrelevant and inaccurate. Their arguments are scandalous in that they are an attempt to cover up crimes. The defendants do not even deny any claims, and therefore, are not even defending a position. For this reason, the plaintiff seeks to ask to have the entirety of the defendants' motion striked. Their irrelevant, inaccurate, and scandalous arguments should only warrant such a verdict. The plaintiff thanks Your Honorable Sarah Netburn and Judge Gregory Woods for their investigation of these materials, and hopes to meet their correspondences soon.

Date: July 17, 2018

By: _____

Justin Marcel Jimenez

99 Metropolitan Oval #9H

Bronx, New York, 10462

State of New York
County of New York

Sworn to before me this

24 day of July 20 18

_____
Notary Public

DONDRE STEVEN PERRY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE6368561
Qualified in New York County
My Commission Expires 12-18-2021

6