USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

JUSTIN MARCEL JIMENEZ,

        Plaintiff,

-against-          1:18-cv-3297-GHW

CHASE BANK, JOHN R. FRASER, and JAMES DIMON,   <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

        Defendants.

-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

  Before the Court is the Report and Recommendation (the "R&R") by Magistrate Judge Sarah Netburn, dated January 28, 2019. Dkt. No. 42. In April of 2018, Justin Marcel Jimenez ("Plaintiff") filed suit against JP Morgan Chase Bank, N.A. ("JPMC"), as well as Jamie Dimon, JPMC's CEO, and John Fraser, the Chief Investment Officer of Junius Real Estate, a specialized real estate investment unit of JPMC (together, "Defendants"). In broad strokes, Plaintiff alleges that JPMC discriminates against people of color by failing to hire minorities in management positions. He asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fair Housing Act, the Fair Trade Commission Act, New York Executive Law 632-a, and the 14th Amendment of the United States Constitution.

  Defendants moved to dismiss Plaintiff's complaint on July 12, 2018. Dkt. No. 30. Plaintiff filed two documents in opposition on July 24, 2018: first, a memorandum of law and affidavit in opposition to Defendants' motion to dismiss, Dkt. No. 36; and, second, an affidavit in opposition to Defendants' motion to dismiss. Dkt. No. 37. Defendants filed their reply on August 23, 2018. Dkt. No. 40.

  In her R&R, Judge Netburn recommended granting Defendants' motion and dismissing all

of Plaintiff's claims. The R&R recommended that the Court dismiss with prejudice and without leave to amend all of Plaintiff's claims except for Plaintiff's claim under § 804(c) of the Fair Housing Act. The R&R recommended that Plaintiff's Fair Housing Act claim be dismissed without prejudice, and that he be granted leave to amend that claim. Plaintiff timely filed objections to the R&R on February 11, 2019. Dkt. No. 43.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2). If a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See id*. When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018).

Having reviewed the pleadings, the parties' submissions in connection with the Defendants' motion to dismiss, the R&R, and Plaintiff's objections to the R&R, the Court agrees with Judge Netburn's conclusions and adopts the R&R in its entirety. There is no clear error in the portions of the R&R to which Plaintiff has voiced no objection. As to those portions to which Plaintiff has objected, the Court has reviewed them *de novo* and concluded that the R&R is correct on all legal issues that it addresses.

Plaintiff raised two objections not addressed by the R&R itself which merit comment here. First, Plaintiff argues that Judge Netburn lacks authority under 28 U.S.C. § 636 "to determine whether a case should be dismissed due to a supposed failure to state a claim." *Id.* at 4. That is true to an extent. 28 U.S.C. § 636(b)(1)(A) excludes from a magistrate judge's authority the power to

2

"dismiss for failure to state a claim upon which relief can be granted . . . ." However, here, Judge Netburn is not acting pursuant to that section of the statute, but, rather 28 U.S.C. § 636(b)(1)(B), which permits the district court to designate a magistrate judge to submit to a judge proposed "recommendations for the disposition by a judge of the court, of any motion excepted in subparagraph (A) . . . ." The Court requested such a recommendation from Judge Netburn pursuant to the statute, and she has responded appropriately by issuing the R&R. The Court is accepting that R&R. As a result, Judge Netburn has not exceeded her authority.

Plaintiff has also argued that Judge Netburn's R&R "exhibits a great deal of bias." Dkt. No. 43 at 1. Plaintiff's concern is driven heavily by the fact that the R&R draws conclusions that are contrary to Plaintiff's position. The Court has given due consideration to Plaintiff's expressed concern. The Court has independently reviewed the legal analysis and conclusions contained within the R&R and has determined that they are sound. Given the absence of any other evidence of bias on the part of Judge Netburn, the Court accepts the R&R without reservation.

Accordingly, for the reasons articulated in Judge Netburn's well-reasoned R&R, Plaintiff's objections are overruled and the R&R is adopted in its entirety as the opinion of the Court. As recommended by the R&R, the Court grants Plaintiff leave to amend his complaint to cure the deficiencies identified with respect to his Fair Housing Act claim. Any such amended complaint must be filed no later than March 25, 2019.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 30.

SO ORDERED.

Dated: February 25, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge